**In re Craig E. HAND, Debtor.**

**No. 04–14212–JMD.**

United States Bankruptcy Court, D. New Hampshire.

April 6, 2005.

---

David M. Cline, Esq., Borofsky, Amo-deo–Vickery, Bandazian, PA, Manchester, NH, for Debtor.

Geraldine L. Karonis, Esq., Assistant United States Trustee, Manchester, NH, for Phoebe Morse, United States Trustee.

## MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

### I. INTRODUCTION

This matter is before the Court on the Motion of United States Trustee for Order Dismissing Case under 11 U.S.C. § 707(b) (Doc. No. 12) (the "Motion") and the Craig E. Hand's (the "Debtor") objection to the Motion (Doc. No. 19) (the "Objection") filed by the United States Trustee (the "Trustee").

This Court has jurisdiction of the subject matter and the parties pursuant to 28

U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on November 29, 2004. The Court held a hearing on the Motion on April 4, 2005. At the hearing, the parties proceeded by agreement to present offers of proof and one documentary exhibit. The offers of proof submitted by the parties reflect no disagreement on any material fact, only a disagreement over the application of the law to those facts. Accordingly, the Court considers this matter to be submitted on an agreed upon factual record.

The Debtor's schedules listed seven unsecured creditors collectively owed $104,288.77. The amounts owed to two of the seven unsecured creditors was described as arising from "personal loans," and the remaining five claims were described as arising from "credit card purchases." The obligations owed on the personal loans total $11,190.37, or 10.7% of the total unsecured debt. The remaining 89.3% of the unsecured debt listed by the Debtor ($93,098.40) are obligations owed on five credit card accounts. Schedules I and J reflect monthly gross income of $8,599.54, net income of $5,272.43 and expenses of $6,315.00, or a monthly cash flow deficit of $1,042.57.

Despite the Debtor's apparent monthly cash flow deficit, the Trustee maintains this case should be dismissed because relief to this Debtor would be a substantial abuse of the provisions of chapter 7 of the Bankruptcy Code.[1] The Trustee has concluded that the Debtor's expenses reflect excessive expenses to support a lifestyle beyond the amounts reasonably necessary for the support of the Debtor and his family. Based upon the Trustee's conclusion, she believes the Debtor could make significant payment to his unsecured creditors from his future disposable income through a plan under chapter 13 of the Bankruptcy Code.

At the hearing, the Trustee based her argument on four expense or income items she deemed excessive and the Debtor's general lifestyle, both prepetition and postpetition. The Trustee has identified the Debtor's monthly contribution to his 401(k) plan ($1, 115.83), monthly payment on a timeshare unit in Florida ($310.00), day care expense ($520.00) and history of tax refunds ($6,942.00 for calendar year 2004), as the items which are excessive. The Debtor disagrees with the Trustee's conclusions and characterizes all of these items as reasonable under the facts and circumstances of this case.

## III. DISCUSSION

### A. Background

 Section 707(b) of the Bankruptcy Code provides:

> After notice and a hearing, the court ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

The First Circuit has adopted the "totality of the circumstances" test as the methodol-

---

**1.** In this opinion the terms "Bankruptcy Code" and "section" refer to the provisions of title 11 of United States Code.

ogy for determining when a substantial abuse under section 707(b) exists. *First USA v. Lamanna (In re Lamanna)*, 153 F.3d 1, 2 (1st Cir.1998). The factors to be considered under the totality of the circumstances test include:

1. whether the debtor has the ability to repay debts out of future income,

2. whether the debtor enjoys a stable source of future income,

3. whether the debtor is eligible for chapter 13 relief,

4. whether there are state remedies with the potential to ease the debtor's financial predicament,

5. whether relief is obtainable through private negotiations, and

6. whether the debtor's expenses can be reduced significantly without depriving the debtor, and his dependants, of adequate food, shelter, and other necessities.

*Id.* at 4, citing *In re Krohn*, 886 F.2d 123, 126–27 (6th Cir.1989).

The parties do not dispute that the Debtor's debts are primarily consumer debts, the stability of his source of future income, or his eligibility for relief under chapter 13 of the Bankruptcy Code. Accordingly, the Court must determine whether the Debtor has the ability to repay a portion of his debts through a chapter 13 plan and whether any such repayment is significant so that relief under chapter 7 would constitute a substantial abuse.

## B. The Debtor's Expenses

■ The parties agreed that if the Debtor ceased his monthly contribution of $1,115.83 to his 401(k) plan, his net income would only increase by $781.00 because the former deduction would become taxable.

The Trustee argues the Debtor should not be permitted to contribute over $13,000.00 per year to his 401(k) plan while his creditors receive nothing, the Debtor's financial problems were not caused by problems beyond his control (i.e. uninsured medical expenses, job loss, property damage, etc) and that current contribution to a 401(k) plan are not reasonably necessary for the support of a debtor with a prospective working life of twenty years or more before retirement. The Debtor contends the 401(k) plan is necessary for his retirement because the nature and amount of social security in twenty or twenty-five years is extremely uncertain and he needs to establish some savings from which he can borrow to pay for the college education of his children ages four and one. He also points out that cessation of 401(k) contributions would result in the loss of significant contribution matching from his employer.

The Court finds that maintaining payroll deductions of 13.0% for the Debtor's 401(k) plan, while not paying substantial unsecured debts that arose from discretionary spending, is not reasonable. In addition, the Debtor has not presented any argument or evidence that would support a finding that the Debtor would be unable to adequately fund his retirement in the twenty years of his working life remaining after completion of a three year chapter 13 plan. Therefore, the Court shall add the agreed upon increase in net income ($781.00) to the Debtor's scheduled net income.

■ The Trustee argues that the vacation timeshare owned by the Debtor in Florida, at a monthly cost of $310.00, is a luxury item not reasonably necessary for the adequate support of the Debtor and his dependants. The Debtor argues that his non-debtor spouse is also liable for the timeshare payment and that the failure of the Debtor to make payments on that obli-

gation would work a hardship because he is the sole source of support for his family.[2] The fact that the Debtor's spouse is a co-obligor on the timeshare obligation does not affect the determination of whether that property interest is reasonably necessary for the support of the Debtor and his family. A vacation timeshare is the quintessential example of an item not reasonably necessary for the support of a debtor. The Court shall add the agreed upon monthly cost of the vacation timeshare ($310.00) to the debtor's scheduled income.

■ The Debtor included a monthly expense of $520.00 in schedule J for preschool for his four year old child. The Debtor indicated at the hearing that this sum should be doubled because his youngest child would soon be in preschool in order for the non-debtor spouse to secure employment. The Trustee contends that private preschool for the Debtor's children is not reasonably necessary because the non-debtor spouse is not currently working. The Debtor contends that it is necessary to prepare the children for kindergarten and elementary school and that his non-debtor spouse must be available to secure employment.

■ The parties' arguments miss the point. The issue of the reasonableness of day care or private school tuition depends on the necessity of the expense, not the work schedule of either parent. If both parents were working, that fact alone might be sufficient to establish necessity. However, evidence that one or both parents are not working may not be sufficient if the Debtor presents evidence supporting the necessity of the expense. In a chapter 13 proceeding the burden of proving that private school tuition is a reasonably nec-

essary expense rests with the debtor. *In re Watson,* 403 F.3d 1, 7–8 (1st Cir.2005). The fact that only one parent currently works is sufficient to shift the burden of going forward with evidence in this case to the Debtor to justify the reasonableness of the expense. The Debtor has not shown any educational necessity or special circumstances that would justify this expense as reasonably necessary. Accordingly, the Court shall add the agreed upon monthly cost of the preschool ($520.00) to the Debtor's scheduled income.

■ The Trustee contends that the Debtor's $6,942.00 federal income tax refund for 2004 should be included in his disposable income for purposes of determining whether relief under chapter 7 would be a substantial abuse. The Debtor argues that his 2004 tax refund is substantially lower than his tax refund in previous years and is too uncertain to include in a chapter 13 plan. The Trustee counters that the refund is property of the chapter 7 estate and that it should be included. The parties stipulated that the Debtor received a federal income tax refund of $10,686.00 for the 2003 income tax year. Accordingly, the Debtor has a history of receiving significant federal income tax refunds.

The fact that the 2004 refund may be property of the chapter 7 estate is not relevant. The question is whether the prospect of similar refunds in future years is sufficiently certain for the Court to include it in the determination of the Debtor's net income for purposes of section 707(b). While nothing may be more certain than death and taxes, the amount of future taxes, and consequently any refund, is uncertain. However, the Debtor's history suggests it is reasonable to expect that

---

**2.** The parties stipulated that the Debtor's spouse filed a chapter 7 petition in July of 2003 and received a discharge. As part of

that proceeding, she reaffirmed her obligations on the timeshare unit.

he will continue to receive significant income tax refunds and/or could adjust his salary withholdings to increase his monthly income without penalty. Accordingly, the Court shall add an estimated federal income tax refund in the amount of $5,000.00, or $416.67 per month, to the Debtor's scheduled income.

During the course of the hearing, the parties stipulated to the admission of the 2004 tax bill on the Debtor's residence. That bill reflects a tax of $5,182.00 for the 2004 tax year, or $432.00 per month. The Debtor erroneously included only $200.00 per month in his schedule J expenses. Since there is no dispute over the actual real estate bill for the Debtor's residence, the Court shall increase the Debtor's expenses by $232.00 to more accurately reflect his actual expenses.

### C. The Debtor's Ability to Fund a Chapter 13 Plan

■ For the reasons discussed above, the Court determines the Debtor's ability to repay a portion of his unsecured debts through a chapter 13 plan as follows:

| | |
|---|---|
| Net income from schedule I | $5,272.43 |
| Expenses from schedule J | $6,315.00 |
| Scheduled disposable income | ($1,042.57) |
| | |
| Adjustments: | |
| Additional net income without 401(k) | $ 781.00 |
| Additional income without timeshare | $ 310.00 |
| Additional income without preschool | $ 520.00 |
| Additional income from tax refund | $ 416.67 |
| Additional real estate tax expense | ($ 232.00) |
| | |
| Estimated disposable income | $ 753.10 |

**3.** The determination of the Debtor's estimated disposable income for purposes of determining substantial abuse under section 707(b) of the Bankruptcy Code is in no way is binding on either the Debtor or the chapter 13 trustee in this proceeding, if the Debtor were to convert to chapter 13, or in any future chapter 13 proceeding.

**4.** Determined by estimated net plan distributions of $24,400.44 divided by total unsecured debt in schedule F of $104,288.77.

■ Based upon the Debtor's estimated disposable income, he could propose a thirty-six month chapter 13 plan with payments totaling $27,111.60.[3] After deducting estimated chapter 13 trustee fees, the net payable to his unsecured creditors would be $24,400.44 or 23.4%.[4]

### D. Substantial Abuse

While any one of the above instances standing alone may not indicate substantial abuse, looking at the totality of the circumstances, the Court finds that Debtor could propose and fund a chapter 13 plan paying 23.4% of his scheduled unsecured debts. In this district such a projected dividend to unsecured creditors is higher than many, if not most plans.[5] The Court finds that a three-year chapter 13 plan with a projected dividend to unsecured creditors totaling $24,400.44, or 23.4% of unsecured claims, is significant and permitting relief under chapter 7 in such circumstances would be a substantial abuse of the provisions of the Bankruptcy Code.

### IV. CONCLUSION

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion. The Court shall enter a separate order granting the Motion.

**5.** The United States Supreme Court recently held a 10% penalty on early withdrawal of monies from an IRA to be significant for purposes of exemptions under section 522(d)(10)(E). *Rousey v. Jacoway,* — U.S. ——, 125 S.Ct. 1561, 161 L.Ed.2d 563, 2005 WL 742304 (April 4, 2005).